IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PEGGY ANN PAUL,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:05-CV-5 TS<br><br>Criminal Case No. 2:03-CR-394 TS |

Petitioner Peggy Ann Paul brings a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government has filed a Motion to Dismiss. Petitioner is proceeding *pro se* in this matter. The Court finds that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because neither *Blakely* nor *Booker* apply to cases on collateral appeal. Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

1

On May 28, 2003, Petitioner was charged by Indictment with Armed Bank Robbery, and Aiding and Abetting.[1] Petitioner pleaded guilty to the charge[2] on October 27, 2003. A presentence report was prepared, and Defendant was sentenced on January 21, 2004, to a sentence of 46 months incarceration, which was below the guideline range. Judgment was entered on January 23, 2004. Petitioner did not pursue a direct appeal.

## DISCUSSION

Petitioner's argument centers on the recent Supreme Court cases of *Blakely v. Washington*[3] and *United States v. Booker*.[4] Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of her Fifth and Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal. However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable. The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the

---

[1] Case No. 2:03-CR-394 TS.

[2] Petitioner pleaded guilty to Count II – the only charge against her. Her co-defendant, Clifford Sharfner, was named in three counts.

[3] 540 U.S. 965 (2004).

[4] 125 S.Ct. 738 (2005).

2

Supreme Court holds it to be retroactive."[5]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[6]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[7]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[8]  Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that the government's Motion to Dismiss is GRANTED.  It is further

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[5] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[6]  125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[7] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[8] *United States v. Lucero*, 123 Fed. Appx. 918, 2005 WL 388731 (10th Cir. Feb. 18, 2005) (unpublished opinion).

SO ORDERED.

DATED this 5th day of October, 2005.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge